IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  19-10077-JWB |
| | ) | |
| YINJUAN PANGELINAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on the government's motion in limine (Doc. 38) and

Defendant's motion in limine (Doc. 37).  The motions have been briefed and the court is prepared

to rule. (Docs. 39, 42, 45.)  For the reasons stated herein, the government's motion is GRANTED

and Defendant's motion is DENIED.

**I.      Facts and Background**

This matter is set for trial on September 1, 2020.  On April 23, 2019, the grand jury returned

an indictment charging Defendant with two counts of attempted coercion and enticement, under

18 U.S.C. §§ 2422 and 1952(a)(3).  During the investigation of this matter, law enforcement used

a cooperating human source who was recorded on calls with Defendant regarding the sale of

Defendant's business, which is alleged to be a prostitution business.  According to the government,

the calls contain discussions regarding sex acts performed in the business, the number of

customers, the purchase-price, and travel arrangements.  (Doc. 38 at 1-2.)  The calls are largely in

Mandarin and therefore were required to be translated in English.  The calls were translated by

1

two different language specialists with the United States Citizenship and Immigration Services, Daniel Chan and Brenda Lau, who are both located in New York.  (*Id.* at 2.)

At issue in the motions in limine is not the call recordings, which include 22 calls and were provided to Defendant in September 2019.  Rather, the issue is the English transcripts of those recordings.  The government provided the English transcripts to Defendant in September 2019 for 17 of the calls.  Although the transcripts for the missing calls were referenced in that earlier discovery, the government overlooked providing the transcripts for the missing calls at that time. The government provided those transcripts to Defendant on August 7, 2020.

According to the representations in the motions, defense counsel had agreed to stipulate to the admission of the transcripts.  Defense counsel asserts that he only agreed to stipulate to the admissibility and not the accuracy.  Defense counsel now withdraws that offer.  (Doc. 39 at n. 1.) Although the government has requested that defense counsel identify the portions of the calls that are in dispute, defense counsel has not done so.

The government moves for an order requiring Defendant to identify the portion of the calls that are in dispute so that it can determine whether it will agree to Defendant's translation in order to produce one transcript for the jury to consider.  Defendant moves for an order excluding the transcripts on the basis that the government failed to provide notice of expert testimony.  Defendant also seeks the exclusion of any other expert testimony regarding the history of Asian massage parlors; operation of such parlors in Wichita; recruitment of employees; the business practices of massage parlors; and interpretation of code words by Asian massage parlor owners.  (Doc. 37 at 6.)  Further, Defendant seeks the exclusion of evidence of other crimes, wrongs, or acts of violence on the basis that the government did not provide notice under Fed. R. Evid. 404(b) and, in any event, that the evidence is not properly admissible under the Rules.  (*Id.* at 7.)

## II.     Analysis

### A.  Transcripts

A transcript of a recorded conversation is admissible if it will assist the trier of fact.  *See United States v. Devous*, 764 F.2d 1349, 1354–55 (10th Cir. 1985) ("[t]he admission of transcripts to assist the trier of fact, like the admission of tapes of marginal quality, lies within the discretion of the trial court.")  In a case like this, where the recordings are in a foreign language, the jurors can only understand the evidence of the recorded calls though the translated transcripts.  *United States v. Cano-Flores*, 796 F.3d 83, 89 (D.C. Cir. 2015).  The question is whether the transcript is accurate.  *See Devous*, 764 F.2d at 1355.  The government must lay a foundation for the authentication of the transcripts through the interpreters.  *Id.*; *United States v. Figueroa-Rivera*, No. 16-CR-2367 WJ, 2017 WL 3601273, at *2 (D.N.M. Mar. 7, 2017)(citing *United States v. Rochan*, 563 F.2d 1246, 1251 (5th Cir. 1977)).

Defendant asserts that the government should be prohibited from calling the interpreters because it failed to disclose its experts.  Although the government identifies different scenarios in which an interpreter would be offering lay opinion testimony, the government does not cite any authority that would support a finding that the interpreters who translated the calls in this case are lay witnesses.  These interpreters work in a different agency than the investigating agency and presumably were obtained only to provide a translation of the calls.  In *United States v. Aguilera-Meza*, 329 F. App'x 825, 833–34 (10th Cir. 2009), the Tenth Circuit found that an investigator was qualified as an expert to provide foreign language translations for recorded calls that were provided to the jury.  Based on the information before the court, the court finds that the government's interpreters are offering expert testimony when they will testify as to the accuracy of the transcripts and their experience and knowledge of the Mandarin language.

The government did not disclose the interpreters as experts as provided by this court's discovery order.  (Doc. 13.)   In deciding whether an untimely expert's testimony should be excluded, the Tenth Circuit has instructed the court to consider the following factors: "(1) the reason for the delay in disclosing the witness; (2) whether the delay prejudiced the other party; and (3) the feasibility of curing any prejudice with a continuance." *United States v. Adams*, 271 F.3d 1236, 1243–44 (10th Cir. 2001)(citing *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir.1988)).  With respect to the reason for the delay, there is no evidence or suggestion that the government acted in bad faith.  Rather, the government believed that Defendant was going to plead guilty and that Defendant would stipulate to the admission of the transcripts.  Moreover, although Defendant may not have been aware of the identity of the interpreters, Defendant was provided with a majority of the transcripts almost one year ago.  The new pages of the transcripts were apparently overlooked by the government.  Defendant does not assert that this was intentional.  In any event, in September 2019, Defendant was provided with the recorded calls on which the transcripts are based.  And, according to Defendant's motion to continue, Defendant was going to obtain an interpreter at that time in order to translate all of the calls.  (Doc. 15 at 2.)   Therefore, the court finds that the delay in the disclosure of the identity of the interpreters and the missing pages were not done in bad faith and the delay has not prejudiced Defendant.  Moreover, if Defendant needs additional time to confer with his interpreter on the new pages, Defendant may move for a continuance.

As noted by the government, a majority of courts have utilized a similar method for introducing transcripts although the Tenth Circuit has yet to address this issue.  (Doc. 45 at 6-7) (citing authority).  In *United States v. Curbelo*, 726 F.3d 1260, 1271 (11th Cir. 2013), the Eleventh Circuit discussed its established procedure for "challenging the accuracy of an English-language

transcript of a conversation conducted in a foreign language." First, the parties are to determine if they can agree on a stipulated transcript. "If the parties cannot agree on a stipulated transcript, then each side should produce its own version of a transcript or its own version of the disputed portions." *Id.*

The court finds that this method is appropriate in this case. *See also Devous*, 764 F.2d at 1355 (citing to a set of guidelines by the D. C. Circuit in which one alternative was to "present the jury with two transcripts, containing both sides' versions, and let the jury determine which is more accurate.") (quoting *United States v. Slade*, 627 F.2d 293, 302 (D.C. Cir. 1980)). The court encourages the parties to work together to produce an official transcript. To the extent that there are disputes, the parties should attempt to resolve those disputes if they are not material.

Defendant's motion in limine on this issue is denied and the government's motion is granted. The government is to provide notice of its language expert(s) by August 19. The parties must meet and confer on an official transcript. Defendant must identify its language expert(s) and the disputed portions of the transcript by August 26. On August 28, the parties must provide to the court the official transcript that is agreed to by the parties and each party's translations of the disputed portions, if any.

### B. Expert Testimony

Defendant moves to exclude other expert testimony regarding the prostitution business in Wichita by lay witnesses. "[A] law-enforcement officer's testimony based on knowledge derived from the investigation of the case at hand is typically regarded as lay testimony, opinion testimony premised on the officer's professional experience as a whole is expert testimony." *United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1259 (10th Cir. 2020). The government argues that it will

only offer testimony from officers regarding the facts learned in the investigation and will not offer expert testimony.  Therefore, the government asserts that the court should deny the motion as moot.

Based on the government's position, the court denies Defendant's motion, without prejudice.

### C.  Other Acts

Defendant moves for an order excluding evidence of other crimes and acts on the basis that it is inadmissible under Rule 404(b)(1) and the government has not provided notice of its intent to offer such evidence.  The government asserts that it has no intention to offer the evidence identified by Defendant unless Defendant asserts an entrapment defense at trial.  (Doc. 42 at 4.)  Based on Defendant's proposed instructions, it does not appear that Defendant will raise an entrapment defense.

Therefore, Defendant's motion is denied, without prejudice.

### III.   Conclusion

The government's motion in limine (Doc. 38) is GRANTED and Defendant's motion in limine (Doc. 37) is DENIED.

The government is to provide notice of its language expert(s) by August 19.  The parties must meet and confer on an official transcript.  Defendant must identify its language expert(s) and the disputed portions of the transcript by August 26.  On August 28, the parties must provide to the court the official transcript that is agreed to by the parties and each party's translations of the disputed portions, if any.

IT IS SO ORDERED.  Dated this 18th day of August  2020.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE